DANNY J. BOGGS, Circuit Judge,
Concurring in part and Dissenting in part.
Although the majority provides an extensive and persuasive indication as to why the administrative law judge should have awarded benefits to Mrs. Dragon, I cannot agree that we are able to make that determination conclusively as an appellate court, and I therefore respectfully dissent from the conclusion that “the evidence of Dragon’s disability is so substantial that she is entitled to an immediate award of benefits.” While the ALJ may have erred in placing more weight on Dr. Pawlarcyzk, a non-examining source, than Dr. Deardorff, an examining source, the difference between the two sources is not so great as to conclusively reverse the ALJ’s determination. In particular, his reliance on Dragon’s various past work efforts, which frequently had a productive beginning but ultimately failed because she was simply “slow” rather than totally unable to perform work, also seems within the ALJ’s fact-finding discretion.
Further, to the extent that the decision turns on whether Dragon was “of borderline intellectual functioning as opposed to mentally retarded” (page 460), I agree that it is a close and contested issue. Dr. Deardorff s testing was somewhat contradictory in that he did find IQ scores at quite a low level, but also found her to have “borderline intellectual functioning and a general ability to function at a higher level than her test scores indicated.” Dr. Pawlarcyzk’s evaluation was more emphatic in support of a higher functioning level, but broadly consistent with an ability to function at a higher level than her exact scores. This is somewhat consistent with her being able to graduate from high school, albeit with an individualized *468 education plan. Contrary to the implication at page 14, it is not that “these things [are being] held against her,” so much as it is that they do indicate conflicting evidence.
While the majority has pointed out deficiencies in the ALJ’s opinion that might well be sufficient to remand for further proceedings, I simply do not see that the evidence is sufficiently compelling for the additional step of ordering the ALJ to award benefits, rather that reevaluating the evidence in light of the majority’s lucid statement of the principles.
I therefore dissent from the portion of the opinion that requires an immediate award of benefits.